

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00234-CR

**EX PARTE DAVID ITURBIDES-ISLAS**

On Appeal from the County Court
Kinney County, Texas
Trial Court No. 13767CR, Honorable Susan D. Reed, Presiding

January 31, 2025

## MEMORANDUM OPINION[1]

Before QUINN, C.J., and PARKER and DOSS, JJ.

David Iturbides-Islas, an alleged non-citizen who crossed into the United States illegally, was arrested and charged with criminal trespass. The arrest and charge ostensibly transpired as part of the State's Operation Lone Star (OLS). Thereafter, appellant applied for a pretrial writ of habeas corpus and sought the dismissal of the prosecution. His proffered justification for such relief consisted of the argument that the State selectively prosecuted him for criminal trespass due to his male gender. Immigrant females who similarly crossed into this country illegally and were caught trespassing

---

[1] The appeal was originally filed in the Fourth Court of Appeals. The appeal was transferred to this Court pursuant to a Texas Supreme Court docket equalization order. See TEX. GOV'T CODE ANN. § 73.001.

underwent neither arrest nor prosecution for the same crime, so argued appellant. Yet, the trial court denied his application "without issuing writ" or convening an evidentiary hearing on the matter. Appellant asks us to reverse that decision and remand the proceeding for an evidentiary hearing. We affirm.

### Background

In March 2021, Governor Greg Abbott directed the Texas Department of Public Safety (DPS), in collaboration with the Texas National Guard, to initiate OLS. The program arose to address the influx of illegal border crossings from Mexico to Texas.

Through the program, Texas or county law enforcement officials detained individuals crossing the border illegally. Of those detained, only males were arrested, placed in a local county jail facility, and ultimately charged with criminal trespass. Purportedly, female detainees would be released into federal custody. Having been a male illegal alien so caught, arrested, and charged, appellant deemed his prosecution for criminal trespass to be constitutionally discriminatory and infirm. In short, he was denied his constitutional right to equal protection, or so he urged through the aforementioned application for pretrial writ of habeas corpus. The trial court disagreed, which ruling spawned this appeal.

### Analysis

Appellant urges us to reverse the trial court's decision on the basis of *Ex parte Aparicio*, 672 S.W.3d 696 (Tex. App.—San Antonio 2023), *rev'd*, 2024 Tex. Crim. App. LEXIS 739 (Tex. Crim. App. October 9, 2024) (*Aparicio I*). That is, he argues:

> This exact equal protection claim was just evaluated by this Court in *Ex parte Aparicio*, 04-22-00623-CR (Tex. Crim. App.—San Antonio Jun. 21, 2023). In *Aparicio*, [the Fourth Court of Appeals] found 1) that an equal protection pretrial habeas claim was cognizable; 2) that the OLS applicant

2

had made out a prima facie case of gender discrimination; and 3) that the case should be remanded so that trial court could address the state's justification. *Id.*

At a minimum, *Aparicio* stands for the proposition that Appellant's writ should be issued and he should be given the opportunity to establish his burden, as *Aparicio* was able to.

In *Aparicio I*, the Fourth Court of Appeals did have occasion to address a legal contention 1) identical to that urged at bar and 2) based on circumstances rather identical to those before us. Apparently, Aparicio (a male) was a non-citizen whom the State arrested after illegally crossing into Texas from Mexico. Other non-citizens were with him at the time. They included adult and juvenile males and two females. However, the State jailed only the adult males; so too were only the adult males accused of criminal trespass. The females and juvenile male were released to the custody of the U.S. Border Patrol.

We have no quarrel with appellant's interpretation of the Fourth Court's opinion in *Aparicio I.* It did hold as cognizable via a pretrial writ of habeas corpus Aparicio's selective prosecution claim. *Id.* at 713. Our sister appellate court further determined that Aparicio had satisfied his burden to make a prima facie showing of impermissible discrimination. *Id.* As said by that court:

> [T]o establish a prima facie case of selective prosecution, Aparicio must show the prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose. . . . To establish a discriminatory effect in a case based on gender discrimination, Aparicio had to show similarly situated individuals of the opposite sex were not prosecuted for the same conduct. . . . **Aparicio met this burden**.

*Id.* (Internal quotations omitted; emphasis added). So, given that the general circumstances at bar reflect those in *Aparicio I*, appellant believes the Fourth Court's holding entitled him to a writ of habeas corpus. We disagree for the simple reason that the opinion underwent review and rejection in a most critical aspect.

3

That is, the Court of Criminal Appeals reversed the Fourth Court of Appeals. *Ex parte Aparicio*, No. PD-0461-23, 2024 Tex. Crim. App. LEXIS 739, at *1 (Tex. Crim. App. October 9, 2024) (*Aparicio II*). It concluded that "Appellant's case is cognizable, but he has failed to meet his burden in demonstrating a prima facie case that he is being arrested and prosecuted *because* of his gender." *Id.* at *30. (Emphasis in original). In short, the circumstances upon which both Aparicio and appellant rely neither evinced impermissible selective prosecution or the denial of equal protection, according to the Texas Court of Criminal Appeals.

We afforded the parties opportunity to supplement their earlier briefing to address the impact *Aparicio II* had on the appeal at bar. The State accepted the invitation. Appellant did not. The latter omission is fatally problematic.

Simply put, success cannot arise from a missing foundation. *Aparicio II* vitiated the foundation upon which appellant stood. *Aparicio I* no longer entitled appellant to relief. And, his having provided no alternative basis for his claim, we cannot say he carried his burden to prove entitlement to reversal. *See Jetall Cos., Inc. v. JPG Waco Heritage, LLC*, No. 07-20-00126-CV, 2020 Tex. App. LEXIS 4860, at *2 (Tex. App.—Amarillo June 30, 2020, pet. denied) (mem. op.) (stating that the "[o]ne seeking reversal has the burden to illustrate its entitlement to same"). Thus, we affirm the decision of the trial court. *See Ex parte Rodriguez-Cerda*, No. 08-23-00325-CR, 2024 Tex. App. LEXIS 9153, at *6-7 (Tex. App.—El Paso Dec. 30, 2024, no pet) (mem. op., not designated for publication) (relying on *Aparicio II* and the similarity in circumstances to hold that Rodriguez-Cerda failed to establish a prima facie case of selective prosecution); *In re Batista-Garcia*, No. 06-23-00209-CR, 2024 Tex. App. LEXIS 8881, at *2 (Tex. App.—Texarkana Dec. 19, 2024, no

4

pet.) (mem. op., not designated for publication) (citing on *Aparicio II* and holding that "[f]or the reasons discussed [therein], we find that Batista-Garcia would be unable to make a prima facie showing that he was arrested and prosecuted because of his gender," despite the lack of an evidentiary hearing).

Brian Quinn
Chief Justice

Do not publish.